UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-1629-WTL-TAB |
| ) | |
| AMERIQUEST MORTGAGE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

This cause is before the Court on Plaintiff's motion for leave to file a second amended complaint. [Docket No. 71.] Defendants object to the proposed amended complaint [Docket No. 74], and rightly so.

Plaintiff filed his motion to amend nearly two years after first filing this action in state court. Moreover, the proposed amended complaint seeks to add as Defendants Aseem Mital and Dawn Arnall—the very Defendants this Court dismissed from this action in July. [Docket No. 69.] This background, while not fatal to the proposed amendment, justifies a closer examination of exactly what it is the Plaintiff is attempting to do by way of his proposed amendment. This examination undermines Plaintiff's motion.

Specifically, the Court previously dismissed Plaintiff's fraud claims, finding such claims presented the "classic situation" of impermissibly attempting to base such claims on future conduct. [Docket No. 69 at 7.] The Court also rejected Plaintiff's attempt to make out a claim for constructive fraud, concluding that Plaintiff had not sufficiently pleaded such a claim. [*Id*. at

8.] Undaunted, Plaintiff's proposed amended complaint seeks to resuscitate this constructive fraud allegation. But as Defendants correctly point out, there is no authority in Indiana for the proposition that a high-ranking executive owes this type of legal duty to an employee with regard to the employee's termination. Moreover, Plaintiff's purported agency theory merely confirms that, if Plaintiff were successful, it is Defendant Ameriquest rather than the individuals that would be liable as the principal of the agents. Thus, Plaintiff's renewed effort to breath life into his constructive discharge claim fails.

The Court further notes that it is troubled by the marked change in allegations contained in the proposed amended complaint. Never previously has Plaintiff alleged that Mrs. Arnall or Mr. Mital were participants in the telephone call referenced in the amended complaint. As Defendants point out, Plaintiff's initial arbitration demand and his initial complaint identified only Mr. Anall as the participant in the conference call, and Plaintiff's purported handwritten whistle blower complaint discussing the conference call does not mention Mrs. Arnall or Mr. Mital as participants. [Docket No. 74 at 9.] As Defendants frankly put it, "It was only after Mr. Arnall's unexpected passing 2 years after the alleged conference call that Plaintiff suddenly 'remembered' that Mr. Mital and Mrs. Arnall were supposedly on the call and made the same promise previously attributed only to Mr. Arnall." [*Id*.] Plaintiff did not respond to the Defendants' candid assessment. In fact, Plaintiff filed no reply brief whatsoever.

The Court is mindful that leave to amend should be freely granted. Indeed, the Court previously granted Plaintiff leave to amend his complaint over Defendants' objection. [Docket No. 31.] The Court stated at that time that it could not state that the Plaintiff's claims were futile, and that Defendants' concerns about a lack of personal jurisdiction could be raised by a

separate motion.  Defendants then filed a separate motion to dismiss and succeeded in getting Mr. Mital and Mrs. Arnall dismissed from this action.  Having reviewed the Plaintiff's proposed amended complaint, it is now apparent that Plaintiff's latest attempt to amend his complaint is futile.

For these reasons, as more fully set forth in Defendants' objection, Plaintiff's motion for leave to file second amended complaint [Docket No. 71] is denied.

Dated: 10/05/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Kalley R. Aman
Elizabeth H. Murphy
BUCHALTER NEMER
kaman@buchalter.com

Michael Joseph Hebenstreit
WHITHAM HEBENSTREIT & ZUBEK
mjh@whzlaw.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Richard Lane Steagall
NICOARA & STEAGALL
nicsteag@mtco.com

David S. Wagner
BAKER & DANIELS, LLP
david.wagner@bakerd.com