UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MASSEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMERIQUEST MORTGAGE CO., et al., )<br>)<br>Defendants. ) | CAUSE NO. 1:07-cv-1629-WTL-TAB |

### ENTRY ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

This cause is before the Court on the Plaintiff's objection to an order of the Magistrate Judge assigned to this case denying his motion for leave to file a second amended complaint. The issues raised in the objection are fully briefed, and the Court, being duly advised, **OVERRULES** the Plaintiff's objections and **AFFIRMS** the ruling of the Magistrate Judge for the reasons set forth below.

On July 1, 2009, the Court granted a motion to dismiss filed by Defendants Dawn Arnall and Assem Mital, finding that Massey's amended complaint failed to assert a viable claim against them for either fraud or constructive fraud. Promptly thereafter, Massey filed a motion for leave to file a second amended complaint. In his brief in support of that motion, Massey stated, without elaboration, that his proposed second amended complaint "address[ed] the July 1, 2009, ruling that the amended complaint lacked sufficient facts supporting the existence of a duty from Ameriquest and its officers to Massey which would support a claim for constructive fraud." The Defendants objected to the motion to amend, presenting a thorough and well-supported argument that the proposed amendment was futile because it failed to address the deficiencies found by the Court in dismissing the fraud claims against Arnall and Mital in the

amended complaint. Massey failed to file a reply in support of his motion to amend.

The Magistrate Judge agreed with the arguments made by the Defendants and denied the motion to amend, finding that the proposed amendment would be futile. It is that ruling that Massey now objects to. Because the Magistrate Judge's ruling denying the Plaintiff leave to amend his complaint was a nondispositive ruling, it is subject to review only for clear error. *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590 (7th Cir. 2006). That is, the Court may reverse the Magistrate Judge's ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). It is neither.

Massey spends a great deal of his brief in support of his objection arguing that his motion to amend could not properly be granted on the ground that it came too late in the litigation. This is somewhat perplexing, in that the Magistrate Judge did not base his ruling on any dilatoriness on Massey's behalf. Rather, the Magistrate Judge clearly determined that the proposed amendment would have been futile because it failed to assert a plausible claim for constructive fraud against Arnall and Mital. Specifically, as the Magistrate Judge noted, the Court had ruled that Massey's amended complaint failed to allege "the existence of any duty owed to him based on a relationship between him and the Defendants." The Magistrate Judge determined that the proposed second amended complaint suffered from the same deficiency and therefore allowing the amendment would be futile.

Massey believes that the proper course of action for the Magistrate Judge in the face of the Defendants' futility argument was to permit the amendment and then have the Defendants file a motion to dismiss. *See* Objection at 6 ("Massey's motion asked for the merits of the second amended complaint to be considered on a Rule 12 (b)(6) motion to dismiss as was his

right."). Massey is incorrect. "Although leave to amend should be freely given, Fed.R.Civ.P. 15(a), that does not mean it must always be given. '[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, *or where the amendment would be futile*.'" *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)) (emphasis added). An amendment would be futile if the proposed amended complaint would not survive a motion to dismiss. *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 721 (7th Cir. 2002).[1] Therefore, the Magistrate Judge correctly considered the Defendants' arguments regarding futility when he ruled on the motion to amend.

By failing to file a reply in support of his motion to amend, and therefore failing to present any argument in opposition to the Defendants' futility argument, Massey waived the right to do so. *Cf Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 849 (7th Cir. 1999) ("a party who wishes to object to a motion should file a response or object at the hearing so that these objections are not lost"); *Laborers' Intern. Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) ("We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions."). The interests of justice would not be well-served if a party could sit back and wait for a Magistrate Judge to rule without benefit of his

---

[1] Massey speaks in terms of whether his proposed second amended complaint was "frivolous," but that is not the correct standard. Rather, the question is whether the proposed amendment would withstand a motion to dismiss, and therefore the correct inquiry is "whether the plaintiff has provided allegations that 'raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Rao v. BP Products North America, Inc.*, 589 F.3d 389, 398 (7th Cir.2009) (citations omitted).

input and only then make whatever arguments he has for the first time on appeal to the District Judge. That is precisely what Massey is attempting to do in this case.

That said, the Court nevertheless has reviewed Massey's arguments in support of his Objection and sees nothing that suggests that the Magistrate Judge's ruling was erroneous. Massey's proposed second amended complaint contained the following allegation which he argues addresses the Court's issue with his constructive fraud claim as pled in his amended complaint:

> The principal and agent relationship existing between the Ameriquest and ACC Capital Holdings corporations as principal and plaintiff as their agent for the conduct of mortgage lending and Massey's reliance on the superior knowledge of the Ameriquest and ACC Capital Holdings corporations and their managerial agents on the conduct of the mortgage lending business placed a duty of good faith and fair dealing and the managerial agents of the Ameriquest and ACC Capital Holdings and the corporations themselves in their dealings and representations to Massey on the conduct of the mortgage lending business.

Proposed Second Amended Complaint at ¶ 52. Massey fails to articulate–either in his proposed second amended complaint or his brief–any basis upon which the Court could find that Arnall and Mital–both of whom are officers of the corporate defendants–*personally* had any duty to him. To the extent that the corporations had a duty to him and Arnall and Mital acted on behalf of the corporations, that would impose liability on the corporations, not on them personally. Certainly, as Massey argues, an officer or shareholder can be personally liable for fraud if he or she personally participates in the fraud. Massey has no claim for actual fraud against Arnall and Mital, however, and his claim for constructive fraud against them must fail in the absence of any showing that Arnall and Mital personally–not as agents of the corporation–had and breached a duty to him. As the Magistrate Judge held, Massey has failed to make that showing for a second time.

Massey also points out that the Magistrate Judge's order made no mention of the retaliatory discharge claim against Arnall and Mital asserted in his proposed second amended complaint. Perhaps this is because no such claim is coherently articulated. There is a claim in the proposed complaint entitled retaliatory discharge that contains the following two paragraphs:

> 46. The managerial agents of the defendant corporations, Ameriquest and ACC Capital Holdings, Dawn Arnall and Assem Mital, knew that employees would rely on their assurances that whistleblowers would be protected yet developed no policy to implement protection of whistleblowers; plaintiff's retaliatory discharge was a foreseeable consequence of their willful and wanton disregard of the obligations of the corporation not to terminate whistleblowers.
>
> 47. Alternatively, Dawn Arnall and Assem Mital, knew of plaintiff's refusal to participate in the criminal conduct of Lawnhorn from the handwritten letter of plaintiff''s that another employee sent to Roland Arnall, President of Ameriquest and ACC Capital Holdings or in reckless disregard of the fact of whistleblowing and their obligations to enforce it as the managerial agents of the defendant corporations under the Settlement Agreement with the Attorneys General disregarded reports from whistleblowers including that of plaintiff.

The Court is not entirely certain what these two paragraphs mean, but the Court is certain that they do not articulate a plausible claim of retaliatory discharge against Arnall or Mital, neither of whom are alleged to have had anything at all to do with Massey's termination.

For the reasons set forth above, the Court determines that the Magistrate Judge did not err when he denied Massey's motion for leave to file a second amended complaint. Accordingly, the ruling of the Magistrate Judge is **AFFIRMED**.

SO ORDERED:   02/04/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification